IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JERRY W. TOMLINSON, JR.,**

      **Plaintiff,**                              **Case No. 2:25-cv-1377**

      v.                                   **Chief District Judge Sarah D. Morrison**
                                                **Magistrate Judge Kimberly A. Jolson**

**HOMELAND SECURITY
INVESTIGATIONS, et al.,**

      **Defendants.**

## REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to multiple deficiency orders. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

Plaintiff filed this complaint in November 2025. Since then, the Court twice ordered Plaintiff to refile his complaint because some of the attached exhibits seemingly reveal an individual's full social security number. (Docs. 2, 3). The Court also ordered Plaintiff either to pay the filing fee or to file a motion to proceed without prepayment of fees. (*Id.*). To date, Plaintiff has done neither. The Court will not allow this case to languish any longer.

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court

as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded 14 days to do so, Plaintiff failed to refile his complaint. And despite having 30 days to pay the filing fee or move to proceed without prepayment of fees, Plaintiff failed to do so. And then, he failed to respond to the Court's Deficiency Order by the imposed deadline. What's more, because the Deficiency Order centers on Plaintiff's complaint and his failure to pay the filing fee, Plaintiff has essentially brought this case to a halt before it can even begin. Because of Plaintiff's actions (or lack thereof), the case cannot proceed. This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Moreover, as this Court has said, "[f]ailure to comply with this Court's orders in several instances indicates willfulness." *Manning v. Diversified Collection Servs., Inc.*, No. 3:09-CV-153,

2

2010 WL 1438735 (S.D. Ohio Apr. 9, 2010). As detailed above, Plaintiff has, on several occasions, refused to comply with this Court's clear instructions for months. This clear record of delay and noncompliance demonstrates Plaintiff has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). The Undersigned cannot help but infer that Plaintiff's behavior will continue if the Court were to ask him to re-file his complaint, pay the filling fee, or move to proceed without prepayment, for a third time. There is no reason to believe that such an exercise would be more than a drain on judicial resources.

Considering the second factor, because Defendants have not been served, there is little risk of prejudice. *Cf. Wilson v. T.D.O.C.*, No. 1:17-CV-348, 2018 WL 4006781, at *2 (E.D. Tenn. Aug. 22, 2018) (dismissing a case for failure to prosecute even though the second factor weighed against dismissal). But the remaining considerations nonetheless weigh in favor of dismissal. The Court has previously warned Plaintiff to comply with her orders, or else the action could result in dismissal. (Doc. 3). And the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: February 18, 2026                     /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE